IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| WILDEARTH GUARDIANS<br>516 Alto Street<br>Santa Fe, New Mexico 87501<br><br>    Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF THE INTERIOR<br>OFFICE OF THE SECRETARY<br>1849 C Street NW<br>Washington, D.C. 20240<br><br>    Defendant. | Case No. 1:17-cv-2222 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1. Defendant United States Department of the Interior, Office of the Secretary ("Office of the Secretary") has wrongfully withheld records responsive to a request made by Plaintiff WildEarth Guardians ("Guardians") pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*

2. Guardians requested records relating to two orders issued by the Secretary of the Interior. In one of these orders, the Secretary revoked a prior administrative order implementing a moratorium on the federal coal leasing program until a proper programmatic environmental analysis could be completed. In the other order, the Secretary rescinded critical prior presidential actions, reports, and final guidance relating to climate change and the federal coal leasing program. The effects of these orders may be detrimental to the health of the public and the environment by promoting a federal

coal leasing program in the absence of necessary precautions and considerations relating to climate change and the human and environmental health effects of mining and burning coal.

3.     Contrary to FOIA, the Office of the Secretary failed to make a determination on Guardians' FOIA request within the time limits required by the statute and failed to produce any of the records sought. Guardians requests an order declaring that the Office of the Secretary has violated FOIA, directing the Office of the Secretary to make a determination on Guardians' FOIA request, and compelling the Office of the Secretary to immediately provide Guardians with the records it has requested by a date certain.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over this action pursuant to the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1361 (action to compel an officer of the United States to perform his duty).

5.     This Court has authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. This Court has authority to grant injunctive relief pursuant to 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

6.     This Court has authority to award costs and attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E).

7.     Venue is appropriate under 5 U.S.C. § 552(a)(4)(B). Venue is also appropriate under 28 U.S.C. § 1391 because defendant is an agency of the United States with its primary office in Washington, D.C., and a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## PARTIES

8. Plaintiff WILDEARTH GUARDIANS ("Guardians") is a non-profit conservation organization dedicated to protecting and restoring the wildlife, wild places, wild rivers, and health of the American West. Guardians has offices in Colorado, Montana, New Mexico, Arizona, Washington, and Oregon. With more than 183,000 members and supporters, Guardians works to sustain a transition from fossil fuels to clean energy in order to safeguard the West. The records sought in this action are requested in support of these efforts.

9. Guardians works in furtherance of its goals in part by acquiring information regarding federal programs and activities through FOIA. Guardians then compiles and analyzes that information and, subsequently, disseminates that information to its membership, the general public, and public officials through various sources including publications, reports, its website and newsletter, general news media coverage, and public presentations. Guardians' successful efforts at educating the public on issues concerning federal government programs and activities that affect the environment contribute significantly to the public's understanding of governmental operations and activities. Guardians also uses the information that it acquires through FOIA to participate in federal decision-making processes, to file administrative appeals and civil actions, and generally to ensure that federal agencies comply with federal environmental laws.

10. Guardians, its staff, or one or more of its members are directly injured by the Office of the Secretary's failure to comply with the statutory requirements of FOIA and a favorable outcome of this litigation will redress that injury. Guardians brings this action on behalf of itself, its staff, and its members.

11.     Defendant UNITED STATES DEPARTMENT OF THE INTERIOR, OFFICE OF THE SECRETARY ("Office of the Secretary") is an agency as defined by 5 U.S.C. § 552(f)(1). FOIA charges the Office of the Secretary with the duty to provide public access to records in its possession. The Office of the Secretary has possession of the records sought by Guardians. The Office of the Secretary is denying Guardians access to its records in contravention of federal law.

## FACTUAL AND LEGAL BACKGROUND

12.     FOIA requires federal agencies to "determine within 20 days . . . after the receipt of any [FOIA] request whether to comply with such request and . . . immediately notify the person making such request of . . . such determination and the reasons therefor[.]" 5 U.S.C. § 552(a)(6)(A)(i)(I).

13.     On April 11, 2017, Guardians submitted a FOIA request to the Office of the Secretary. Guardians' FOIA request was for any and all records concerning or relating to the Secretarial Orders 3348 "Concerning the Federal Coal Moratorium" and 3349 "American Energy Independence" (the "Secretarial Orders"), published on March 29, 2017, under Secretary of the Interior, Ryan Zinke.

14.     On April 18, 2017, Guardians received confirmation from the Office of the Secretary that it received Guardians' FOIA request and that its request was being processed. The Office of the Secretary assigned the number "OS-2017-00438" to the request.

15.     The Office of the Secretary stated that because of the need to consult with one or more bureaus of the Department of the Interior to properly process Guardians' FOIA request, the Office of the Secretary would be taking an extension of ten workdays to

make a determination, citing 43 C.F.R. § 2.19. For the same reason, the Office of the Secretary stated it would be placing the request under the "Complex" processing track, 43 C.F.R. § 2.15. The Office of the Secretary did not describe any further "unusual circumstances" meriting an extension of the deadline for making a determination on Guardians' request. The Office of the Secretary did not request that Guardians limit the scope of its FOIA request or agree to an alternative time period for processing the request. The Office of the Secretary did not provide a date certain upon which it expected the request to be processed.

16. Having received no further communications related to its FOIA request, on June 9, 2017, Guardians appealed the Office of the Secretary's failure to make a determination on its April 11, 2017, FOIA request within the applicable time limits, pursuant to 43 C.F.R. §§ 2.57(a), 2.58(c). Guardians filed this appeal with the U.S. Department of the Interior's Office of the Solicitor, pursuant to 43 C.F.R. § 2.59.

17. The Office of the Solicitor was required to respond to Guardians' appeal within twenty workdays under FOIA. 5 U.S.C. § 552(a)(6)(A)(ii). To date, the Office of the Solicitor has not responded to Guardians' FOIA appeal.

18. Having received no further communications from the Office of the Secretary related to its FOIA request, on September 19, 2017, Guardians sent an email to the Office of the Secretary FOIA Officer inquiring about the status of its request.

19. On September 20, 2017, the Office of the Secretary FOIA Officer responded via email stating that the agency was "still waiting on records from program offices[,]" and that the Office of the Secretary would begin reviewing those records once it received

them. The email did not provide a date certain for making a determination on Guardians' request or for disclosing records responsive to Guardians' request.

20.     To date, the Office of the Secretary has not made a determination on Guardians' FOIA request or disclosed records responsive to its request.

21.     More than 137 days have passed since Guardians submitted its April 11, 2017, FOIA request to the Office of the Secretary.

22.     Guardians has fully exhausted its administrative remedies for its April 11, 2017, FOIA request to the Office of the Secretary. Administrative remedies are deemed exhausted whenever an agency fails to comply with the applicable time limits of FOIA, as provided in 5 U.S.C. § 552(a)(6)(C)(i). Guardians now turns to this Court to enforce the remedies and public access to agency records guaranteed by FOIA.

## CLAIM FOR RELIEF

**Violation of FOIA – Failure to Make a Determination on Guardians' FOIA Request Within the Statutory Time Frame**

23.     Guardians incorporates the allegations in paragraphs 1 through 22 by this reference.

24.     The Office of the Secretary's failure to make a determination on Guardians' April 11, 2017, FOIA request (number OS-2017-00438) within the time frame required by FOIA is a constructive denial and wrongful withholding of the records Guardians requested in violation of FOIA, 5 U.S.C. § 552.

25.     Guardians is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA, for the Office of the Secretary's violation of FOIA. 5 U.S.C. § 552(a)(4)(E).

## REQUEST FOR RELIEF

WHEREFORE, Guardians respectfully requests that this Court:

A.  Declare that the Office of the Secretary has violated FOIA by wrongfully withholding the records Guardians requested;

B.  Order the Office of the Secretary to make a determination on Guardians' FOIA request and to provide Guardians with all wrongfully withheld records;

C.  Maintain jurisdiction over this action until the Office of the Secretary complies with FOIA and every order of this Court;

D.  Award Guardians its costs and reasonable attorney fees incurred in prosecuting this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

E.  Grant such other and additional relief as the Court deems just and proper.

Respectfully submitted on the 26th day of October, 2017,

/s/ Kelly E. Nokes
Kelly E. Nokes (Bar No. MT0001)
WildEarth Guardians
P.O. Box 7516
Missoula, MT 59807
(406) 209-9545
knokes@wildearthguardians.org

/s/ Neil S. Kagan
Neil S. Kagan (Bar No. MI0078)
WildEarth Guardians
80 Madison Street, Ste. 210
Portland, OR 97214
(503) 828-7098
nkagan@wildearthguardians.org